UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL INTIMATES INC., | Case No. 19 Civ. 8520 (PAE) |
| Plaintiff, | |
| - v - | Honorable PAUL A. ENGELMAYER, District Judge |
| LALA SWIMWEAR LLC, et. al, | |
| Defendants. | |

## CONSENT DECREE AND ORDER

This matter, having come on for consideration upon the Complaint of the Plaintiff International Intimates Inc., ("International Intimates") for trademark infringement, false designation of origin, Federal trademark dilution, Federal cyberpiracy, unfair and deceptive trade practices, and unfair competition under both federal and state law; and the parties having settled their dispute now stipulate to the entry of a consent decree setting forth the terms provided herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1.  This Court has jurisdiction over this action under the laws of the United States, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 1331, 1338, and 1367 and over the parties to this suit. The claims arising under the laws of the State of New York are joined as substantial and related claims under this Court's ancillary jurisdiction.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

3.  International Intimates is the owner in the United States, its territories, and possessions, of (i) the trademark LALA for swimwear, clothing, apparel and intimate apparel; (ii)

United States Trademark Registration No. 2,727,844 for "clothing and apparel namely undergarments and intimate apparel namely, panties, brassieres, crop tops, tank tops, pajamas and sleepwear," which issued on June 17, 2003; and (iii) all good will associated with the same (collectively, "the International Intimates Mark").

4.      International Intimates has used the International Intimates Mark in connection with the marketing of, *inter alia*, swimwear products.

5.      Defendant Lala Swimwear, LLC and Defendant Whitney Cheney (collectively and individually "Defendants") have marketed, offered for sale, and sold swimwear products ("Defendant's Goods") under the trademark and tradename LALA SWIMWEAR and an internet domain name incorporating the designation "LALASWIMWEAR" without any authorization from International Intimates.

6.      Defendants represent and warrant that, as of November 8, 2019, Defendants:

A.      have sold a total of seven (7) items of swimwear under the trademark and tradename LALA SWIMWEAR resulting in revenue of two-hundred thirty-one dollars ($231.00); and

B.      have an inventory of swimwear bearing the tradename and trademark LALA SWIMWEAR in the following approximate amounts:

| Item | Approximate Inventory |
| --- | --- |
| One-Piece Swimsuit | 600 Pieces |
| Bow Swim Top | 300 Pieces |
| Other Swim Top | 2,100 Pieces |
| Basic Swim Bottom | 600 Pieces |
| Other Swim Bottom | 1,500 Pieces |
| **APPROXIMATE TOTAL:** | **5,100 Pieces** |

2

The foregoing shall hereinafter be referred to as "Defendants' LALA

SWIMWEAR Inventory"

7.   Defendants acknowledge the existence and validity in the United States, its territories, and possessions, of the International Intimates Mark and the ownership thereof by International Intimates.

8.   Simultaneously with the execution of this Consent Decree by counsel for Defendants, Defendants shall make a payment to International Intimates in the sum of ten thousand dollars ($10,000.00 US) (the "Payment Amount") by providing to International Intimates' counsel, Charles P. LaPolla of Amster Rothstein & Ebenstein LLP, a certified or cashier's check in the Payment Amount made out to International Intimates Inc. International Intimates' counsel shall hold such check in escrow and shall not deliver it to International Intimates until this Consent Decree has been fully executed by counsels for all parties and has been endorsed by the Court.

9.   Except as provided for in Paragraph 10 below, Defendant LaLa Swimwear LLC and Defendant Whitney Cheney, their respective owners, agents, employees, servants, representatives, successors and assigns and affiliates, and any and all persons acting in concert or privity with them are jointly and severally permanently enjoined and restrained from either directly or indirectly from engaging in any of the following:

A.   engaging in any use of a trademark, tradename, domain name or other URL, and/or any other designation consisting of or incorporating the designations LALA or LALA SWIMWEAR or from otherwise using the International Intimates Mark or any other marks or designations which are confusingly similar to the International Intimates Mark in connection with the manufacture,

3

production, advertising, promotion, offering for sale, sale, and/or distribution of swimwear and/or any other clothing or apparel and/or any goods or services relating thereto.

10. Notwithstanding the provisions set forth in paragraph 9 above, Defendants shall be permitted to use the tradename, trademark, and designation LALA SWIMWEAR in a manner substantially the same as Defendants have been previously using it for the purpose of marketing, selling, and distributing existing quantities of Defendants' LALA SWIMWEAR Inventory for a period of nine (9) months from the Court's endorsement of this Consent Decree with the exception that any such marketing, selling, or distribution of existing quantities of Defendants' LALA SWIMWEAR Inventory on any website, including social media, or by other electronic means shall cease, and any domain name or other URL incorporating the term LALA or LALA SWIMWEAR shall be deactivated, after six (6) months from the Court's endorsement of this Consent Decree.

11. Apart from the Payment Amount provided for in paragraph 8 above, each party is responsible for its own attorneys' fees and costs.

12. Subject to the truth of any representations and warranties made by the parties in this Consent Decree and the parties' compliance with the terms of this Consent Decree, this Consent Decree resolves the claims and demands that were or could have been asserted by International Intimates in the Complaint against Defendants and all defenses together with any counterclaims, permissive or compulsory, that could have been asserted by Defendants in response to the Complaint. Except as set forth herein, and subject to the truth of any representations and warranties made by the parties in this Consent Decree and the parties' compliance with the terms of this

4

Consent Decree, the parties, on behalf of themselves and any person or entity acting by or on behalf of the parties, hereby release and forever discharge each other from any and all claims, demands, causes of action, suits, and/or demands of any nature whatsoever, in law or equity, however arising, known or unknown, suspected or unsuspected, which the parties, or any one or more of them, ever had, now have or may come to have, from the beginning of time to the date hereof, arising directly or indirectly out of or relating in any way to the Complaint filed by International Intimates in this matter.

13.    Jurisdiction is retained by the Court for the purpose of ensuring compliance with the terms of this Consent Decree and for enabling the parties to apply to the Court for further orders.

**IT IS SO ORDERED.**

Dated this 19th day of December, 2019.

**BY THE COURT:**

_____
United States District Judge
The Honorable Paul A. Engelmayer

5

Accepted and Agreed to By:

AMSTER, ROTHSTEIN & EBENSTEIN LLP

/s/ Charles P. LaPolla                        Dated:        New York, New York
Charles P. LaPolla                                         December 19, 2019
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
E-mail: clapolla@arelaw.com

*Attorneys for Plaintiff*
*International Intimates Inc.*

Herrick, Feinstein LLP

/s/ Barry Werbin                               Dated:        New York, New York
Barry Werbin                                        December 19, 2019
Two Park Avenue
New York, NY 10016
Telephone: (212) 592-1418
Facsimile:  (212) 545-3401

*Attorneys for Defendants*
*Lala Swimwear, LLC and Whitney Cheney*

6